So the morning docket is 513-0525 and we have Ms. Hine, is that correct? Yep. And then Ms. Campin. You may proceed, Ms. Hine. May it please the court. Counsel. My name is Maggie Hine and I represent the defendant, Mr. John Hotwagner. Mr. Hotwagner pled guilty to one count of aggravated criminal sexual assault and he was sentenced to 12 years according to this plea. He is now challenging the validity of this plea through the post-conviction process. Now this court previously ordered an evidentiary hearing which was directed at determining whether his plea was taken in violation of a Sixth Amendment right to counsel. The issue which is now on appeal is whether Mr. Hotwagner received reasonable assistance of counsel at this evidentiary hearing. Now this plea was the result of a negotiation which took place between the state's attorney and Mr. Hotwagner himself. It occurred in the hallway of the courthouse prior to a scheduled court date. There was no defense counsel involved. Mr. Hotwagner had previously invoked the Sixth Amendment right to counsel. Now according to his petition, the state's attorney approached him in the hallway, informed him for the first time that his attorney had withdrawn, and then proceeded to offer him the plea deal. In remanding this case for the evidentiary hearing, this court recognized that the plea would violate the Sixth Amendment if the state's attorney had indeed initiated this contact with Mr. Hotwagner. On the other hand, if Mr. Hotwagner initiated the contact, he may have effectively waived his right to counsel. So the key question for this evidentiary hearing should have been who approached whom in this hallway exchange. Now the problem arose when Mr. Hotwagner changed post-conviction counsel on remand. His new attorney's role was to present available evidence at an evidentiary hearing which would support Mr. Hotwagner's version of events. But the record shows that counsel just wasn't prepared to do this. Most notably, and I think most importantly in this case, counsel failed to contact an eyewitness who signed out an affidavit corroborating Mr. Hotwagner's version of events. She had this affidavit from a Tyler Newland who apparently saw the state's attorney approach Mr. Hotwagner, tell him his attorney had quit, and then offer him a plea deal for 12 years. There's no mention of this witness anywhere in the evidentiary hearing from defense counsel. And indeed, she has a billing receipt which shows that she didn't even reach out to him. Counsel also failed to use record evidence which would have corroborated Mr. Hotwagner's claim that he first learned his attorney had withdrawn from the state's attorney in the hallway. The court was interested in this question and specifically asked, do you have any evidence that Mr. Hotwagner didn't receive the formal notice that was addressed to him? Counsel offered no evidence specific to this notice, instead referring to the later order that was returned to the court as undeliverable. But in fact, the address on the formal notice was incomplete, which indicates that Mr. Hotwagner may not have received it, and it may have been later returned because counsel is undeliverable. Next, counsel filed a Rule 651C certificate, which is just riddled with errors. And I think that this certificate only further undermines that she had an understanding of the basics of the Post-Conviction Hearing Act and what her role was in this hearing. While the state urges that no certificate was required from her because second stage counsel had filed an incompetent certificate, the reality is that she did file something. So regardless of whether she needed to file a certificate, I think this court can look at that certificate to determine what it is she knew about the act. And in this case, what she filed reflects that her knowledge was subpar. There's no reference to consulting about constitutional errors. There's a confusing reference to advising Mr. Hotwagner to his legal rights under both acts, while there's only one Post-Conviction Hearing Act. And the main reference is to an entirely irrelevant sentencing statute. And then another point to make is that even if you look at that competent Rule 651C certificate that was filed by the earlier attorney, there's no case law that says that would raise an irrebuttable presumption that Mr. Hotwagner received reasonable assistance, particularly at his third stage hearing. Here we have third stage counsel who apparently didn't review the eyewitness affidavit, which would have been found in the recorded proceedings. It was in the record, though. It was attached to his petition, correct? Yes, it had been filed attached to his pro se petition. So you're saying that that's not enough, that the court could not have considered that because it wasn't brought out at the hearing? I think in this case we know that the court didn't consider it as evidence because the court did a detailed memorandum decision where the court recounted the evidence that it was considering, and there's no mention of this witness. Instead, the court viewed this as Mr. Hotwagner's word against the state's attorney's word. You think it was a credibility determination? I think it was absolutely a credibility determination. Based on the order, the court made a credibility determination. I think just between the two. That's correct. I think the court was faced with, as Mr. Hotwagner testified, I was surprised when the state's attorney approached me because I thought I was meeting with my attorney, and he offered me a plea deal. Then the state's attorney took a stand saying, I don't remember, but I remember Mr. Hotwagner called out to me. He called me over. He wanted to get it over with. But then it turns out that we have this possible eyewitness to the account who had an affidavit filed in 2009. That's the reason why I think it's not surprising that the hearing court would not remember this affidavit. It had been filed four years between the evidentiary hearing and the attorney who's representing Mr. Hotwagner at an evidentiary hearing, their role is to present the available evidence. This isn't just a pro forma, you stand up there and put your client on the stand. If you have evidence available, you need to present that evidence to the court so they can make a full determination. I think we see that reflected in Klugelberg as well, where although that was dismissed at the second stage, there was a report that was key to the appellate court's decision to reverse because counsel hadn't used this report. The fact that it was in the record didn't mean that counsel didn't have a responsibility to bring it forward and present it to the hearing court. At the end of the day, Mr. Hotwagner was left with a hearing where it was just his word against a former state's attorney, and where this evidence was so easily available, I think that counsel's failure has to be seen as unreasonable. Therefore, we would ask this court to remand for a new evidentiary hearing with the attorney that the Post-Conviction Hearing Act contemplates. Are there no further questions? No. I have no questions. Thank you very much. I appreciate it. Ms. Camden? Ms. Camden, I have a question before you begin, while you get your water. Okay. Except you kind of want to interrupt me and please the court and all that. No. Oh, may I please the court? Okay. Yes, ma'am. This court issued an order in this case. Back in 2012, Judge Wexton, I think, delivered the judgment. He says in the order, the defendant invoked his Sixth Amendment right to counsel when he requested and was appointed an attorney at his first appearance. In the very same paragraph, he says, the record demonstrates that the state approached the defendant outside the courtroom before the final pretrial conference and, after advising him that Cunningham was no longer his attorney, offered him a plea bargain. The record thus demonstrates that the state improperly initiated plea negotiations in violation of the defendant's Sixth Amendment right to counsel. So this court remanded for that reason, even though there seems to be a finding that the state violated this man's Sixth Amendment rights. So I'd like you to speak to that. How did this lawyer adequately represent the defendant in light of the court's ruling? Well, Your Honor, this is a new— Long question. No, I understand completely. This is a new question, one that neither party discussed in that light. The defendant's argument was limited to third-stage representation. That's what this is, is representation. Well, I think that the order in that case, at the second stage, in this case at the second stage, must have been in the context of looking at the evidence in the light most favorable to the defendant and whether the defendant had made a substantial showing of a constitutional violation. There can't have been a factual finding as to who approached whom and who initiated the negotiations at the second stage because that happened prior to the first stage. But that was the issue, right, at the first stage? It absolutely was the issue. And that's what I want to talk about, is if you've got an affidavit or a witness, so now you've got two to one, how can you adequately represent somebody by not calling that person, not talking to that person? Well, what I would say, the specific issue is that, and the defendant here, again, today argued the case raised in both the opening brief and the reply brief, the Kleppelberg case. In that case, the affidavit of proof at issue was not attached to the petition by second stage counsel, and the appellate court held that that was unreasonable assistance under the 651C standards, whereas in this case, as you noted, the affidavit at issue was attached to the pro se petition, which was itself incorporated into the amended petition, which the court in its lengthy written order did memorialize that it had reviewed the petition. The court, as the defendant noticed, didn't specifically mention the affidavit, but the court memorialized that it had reviewed the petition. I think a broader issue is that we're arguing here about the standard of performance at the third stage, and the defendant has cited no authority holding that the reasonable assistance standard measures or was intended to measure advocacy at the third stage hearing. The defendant cites no standard for what constitutes reasonable assistance at a third stage hearing. I found no case or statute or Supreme Court rule establishing the existence or scope of this alleged standard of performance by counsel at the third stage. The defendant cites no case in which third stage counsel has been held to have provided unreasonable assistance. Do you think the third stage counsel is at least or should be at least held to the standard of the second stage counsel, where we do have certain items listed by rule, or should we get less quality? Your Honor, I'm not sure I'd put it that way, but the appellate court, two different districts of the appellate court have held that, and this is in the Marshall v. Rossi case that's cited in the answer brief, that where second stage counsel fulfills those rule 651C duties, third stage counsel doesn't have to go back and repeat those duties. The only reference I can find to anything in the 20 court saying what third stage counsel should do is in the Marshall case, which says only that, quote, an attorney at the evidentiary hearing stage must argue the merits of the post-conviction petitioner's claim as presented in the petition following review by counsel at the second stage, not present any particular evidence, just argue, and that's what post-conviction counsel did here. But I do want to emphasize that Rule 651 was intended to codify Supreme Court cases, including Garrison, which is cited by the defendant in the reply brief, the Garrison case, and two other cases. The Marshall decision discusses the history of Rule 651 and makes clear that it was intended to protect the defendant's right to reasonable assistance of counsel at the second stage of post-conviction proceedings. The defendant cited case in the reply brief, Anguiano, citing Turner, states that the act required, the post-conviction hearing act, requires counsel to provide reasonable assistance, and to that end, Supreme Court Rule 651C outlines the specific duties of appointed counsel in post-conviction proceedings. And if you look at the text of Rule 651C, those are second stage duties. And as the court in Marshall and Rossi held, those duties are discharged at the second stage. The defendant in the reply brief at page 2 says that Marshall is distinguishable because it didn't address specific duties at the third stage of post-conviction proceedings. But my response is, what does? Nothing that I have found. The defendant in the reply brief suggests that the right to reasonable assistance of counsel can be divorced somehow from Rule 651C, and that there exists a free-floating right to reasonable assistance separate and apart from satisfaction of the Rule 651C duties. My response is that the case that the defendant cites for that proposition, the Anguiano case, held that Rule 651C doesn't apply if the post-conviction petition was filed by paid counsel, privately retained counsel, but the defendant is still entitled to reasonable assistance of counsel at that second stage. The court held that the legislature can't have intended that the privately retained counsel through the first and second stages could provide a lesser standard of performance than appointed counsel. So the takeaway from Anguiano is about importing to privately retained counsel the same duties that are required of appointed counsel at that second stage. But in this case, counsel was retained. So, I'm sorry, was appointed. It was not privately retained. So Rule 651C governs not this alleged free-floating right to reasonable assistance. And furthermore, even in Anguiano, in examining the free-floating right to reasonable assistance in the context of privately retained counsel at the second stage, the court decided what that reasonable assistance would look like by looking at what was required of appointed counsel at the second stage, those specific duties that are required of appointed counsel. But here, what specifically is required of third-stage counsel? The defendant doesn't answer this beyond saying reasonable assistance. But we don't have to guess what level of performance is reasonable because the Supreme Court has told us in Rule 651 that those three duties set forth. But you keep saying that only applies to second. Yeah. So what tells us? The Supreme Court, have they told us what applies to third stage? I don't see it. No, Your Honor. I don't see it either. So your argument seems to me to be in two parts. One, 651 applies to second-stage counsel and doesn't apply to third stage. But then you go back and say, well, the guidelines for third stage are found in 651. So it seems circuitous to me. No, Your Honor. I'm sorry. I didn't mean to say that. What do you think applies during third stage? Nothing that I have found, truthfully. Okay. So what's your argument? How should we be guided? Well, Your Honor, my response is that it's the defendant's burden to show that error occurred here. And it's the defendant's burden to show that counsel did not measure up to a standard that applied to her. I don't know what standard applied to her other than the reasonable – I wouldn't even say – I haven't seen any authority saying that even the reasonable assistance standard applies at the third stage. Counsel, most of the time, second-stage and third-stage counsel is the same attorney. That's true. This is not the case in this case, that we've got a new attorney coming on board. So I guess following up what Justice Case just asked, when you've got a new attorney coming on, that attorney has to be held to some standard? Well, Your Honor, in both the Marshall case and the Rossi case, the third-stage attorney was different from the second-stage attorney. And in both of those cases, the courts held that the Rule 651C standard was satisfied by the second-stage attorney. And that the third-stage attorney did not have to go back and complete those Rule 651C tasks. And I understand the counterintuitiveness of this. But I would say only that if we're at sea here by arguing about whether this particular attorney met a reasonable assistance standard, which, again, I don't see applies, then it's the problem of the defendant to prove what standard applies here. Can you cite any other situation in which an attorney is involved representing a defendant in the criminal field where there is no standard of performance? No, I can't, Your Honor. And if that's unsatisfying, I would refer the Court to the Supreme Court Rule 651, which, in crafting these guidelines for what will satisfy the reasonable assistance standard, crafted guidelines that apply only to second-stage counsel. One thing that I know, if I may continue, I know my time has run, but may I make one more point? Yes. Thank you. It's that if this were strickland land, if this were ineffective assistance of counsel land, we would have some guidance. We would have a two-prong test. We would have a prejudice inquiry. And I could argue that these alleged errors by counsel were not prejudicial. The defendant here isn't making a prejudice argument. According to the defendant's calculation, lack of reasonable assistance can be shown without even reference to prejudice, even though the reasonable assistance standard is widely understood to be something lesser than. Is this a chronic situation? I beg your pardon, Your Honor? Chronic. That's, I know the case, but I. The U.S. Supreme Court case, chronic, as far as essentially where the attorney provided close to no assistance, as opposed to strickland, where it's ineffective assistance. Is this a chronic standard? We don't have standards that you're claiming in Illinois state law, case law, or in the Supreme Court rules or by statute. So let's go to the U.S. Supreme Court standards. Is this a chronic situation? Well, Your Honor, that's not something that I look at. I suppose we can, if you'd like a written answer, I can provide that. But I don't know the answer to that. Okay. Do you have any supplementary? No. Okay. Thank you very much. And you'll be afforded equal time if you need it. No, I don't have much, so. No, I mean, this is an important issue, so. So keep your money. So to begin, Marshall and Rossi are the two cases relied on to say that Rule 631C will not apply to third stage counsel if second stage has fulfilled it. And I think Rossi is talking about whether counsel appointed for a petition for a hearing after a petition is dismissed. So that's a little bit different. I think it's distinguishable. It's sort of a sui generis case. It's not about third stage counsel. It's about counsel on a PRH, which isn't contemplated by the Post-Conviction Hearing Act. Now, Marshall does say that 651C doesn't apply to third stage counsel. And I think Marshall is wrongly decided. I think that if you look at the second duty in Rule 651C, the duty to review the relevant trial court proceedings, that's something that absolutely any attorney appointed to handle a case is going to need to review the relevant proceedings. And you're going to need to do that before going into an evidentiary hearing, just as well as you need to do it before preparing an amended petition. So I think Marshall is wrong in saying 651C doesn't apply at all. I think this court doesn't need to say that Rule 651C applies or needed a certificate needed to be filed by this attorney, because I think in this case we do have a freestanding right to reasonable assistance, which has been denied. I think the right to reasonable assistance, it comes out of the statute. It comes out of the fact that the statute has said an attorney must be represented once you get past that first stage, and that attorney stays with you. And I think if an attorney stays with you but owes you no professional duty, what is that but an empty formality? I don't think that's what the legislator contemplated when they wrote the Post-Conviction Hearing Act, and that's nowhere found in Turner or the Supreme Court cases that talk about this right to reasonable assistance coming out of the Act. I think the duties we find in 651C are meant to assist reviewing courts in confirming that, in fact, that right to reasonable assistance is being fulfilled, but if there's something in the record that shows it hasn't been fulfilled, even though those technical duties are covered, there's still a violation of the Post-Conviction Hearing Act. Let me ask you. Let's assume reasonable assistance is the standard that applies to the third stage counsel, and you pointed to the fact you have a real problem with not getting that collaborating witness there to testify in person. As far as reasonable assistance, how did defense counsel do on cross-examining the former prosecutor? How did defense counsel do on direct examination of her client? Were there other deficiencies, or you pointed out the main deficiency, should have called that other witness, not relied upon the affidavit, and she misquoted in argument some statutes. Sure. Looking at the record, how did she do otherwise? Well, so just to be clear, she didn't put on the affidavit. She didn't mention that. I understand that. She did not mention that in argument, but it was attached to the petition. It was attached to a pro se petition in 2009, which is incorporated by reference in the 2013 petition, but otherwise I think it was a very bare bone. She put her client up there, brought out the fact of what he said happened in the hallway. The state put on the state's attorney. I can't even remember if she asked how much of a cross-examination, but there wasn't any. There was nothing more than presenting my defendant says this thing, the state's attorney says this thing. The trial court, during her argument, interrupted her to say, you know, when she was saying, I think this is a clear sixth amendment violation, the trial court interrupted her and said, well, we have a credibility issue. Your client says one thing, the state's attorney says another, so how am I supposed to say? And her response was, well, we just think that the defendant is telling the right story. So she understands how important it is that the defendant be supported, but she seemingly didn't know she had some support. And I think the fact that she didn't use that in a case that's that cut and dry, it's just an exchange between an incarcerated defendant and a former state's attorney. If you have a witness, you at least need to contact him to find out if he can support you, if he can stand up on cross-examination. Putting this out to David, the state will likely get away with that, and you think that's better than putting him on the stand. But she didn't look into it at all. I don't think she realized that he existed. And we know that by reason of an itemized bill that's in the record? I think, you know, we have the fact that she has no reference to him at any point, but then we also do in this case have the itemized billing receipt, which references only a couple consultations with her client and then her time in the court appearances. And just to say a little bit more, it's not just that she didn't use this witness. There are other things in her argument that show she wasn't prepared. This court's opinion previously referencing the card opinion makes it very clear. The defendant initiated the contact. That can be a waiver of his right to counsel. And she makes this argument contrary to the opinion that he couldn't have waived his right to counsel because he didn't have counsel at that time. You know, so it seems like she didn't quite understand what was at stake in proving that the state's attorney was the first one to initiate contact. And I'm not sure why it happened, but I think in this case she wasn't prepared for this hearing. And I think it does begin to approach chronic when you look at all of the mistakes and just how isolated the factual question was that she needed to present. As a result, we would ask that this court reverse for competent counsel to be appointed. Okay. Thank you very much. All right. This matter will be taken under advisement and a disposition issued in due course. And that is the last case on the morning docket, so we'll be in recess until after lunch.